IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00758-BNB

SUE MOWER,

    Plaintiff,

v.

WACHOVIA MORTGAGE/WELLS FARGO BANK,
DAVID POPE, President, Wachovia Mortgage,
JOHN G. STUMPF, President, Wells Fargo Bank, and
ALL PERSONS UNKNOWN (claiming any legal or equitable right, title, estate, lien, or
    interest in the property described in the complaint adverse to Plaintiff's title, or
    any cloud upon Plaintiff's title thereto),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 07 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Sue Mower, initiated this action by filing *pro se* on April 6, 2010, a document titled "Petition to, [sic] Cancel Note and Deed of Trust for Fraud, Usury, Fraud in Inducment [sic], Fraud in Fact, Claim in Recoupment, and Quiet Title Against All Know [sic] and Cross Defendants and for Declaratory and Injunctive Relief and Notice of Invocation of Reserved Rights." On April 12, 2010, she filed *pro se* an amended complaint pursuant to 28 U.S.C. § 1332 titled "Quiet Title and Correct the Public Record." She also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Ms. Mower's filings liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons set forth below, the action will be dismissed.

On April 20, 2010, Magistrate Judge Boland ordered Ms. Mower to file a second amended complaint. The order noted that Ms. Mower's jurisdictional statement in her amended complaint was unnecessarily verbose and that she failed to allege any claims, stating only that the purpose of the complaint was to "petion [sic] the court to quiet the title and correct errors in the public record that need to be resovled [sic]." Amended complaint at 2. The order further noted that, in lieu of claims, Ms. Mower directed the Court and Defendants to 194 pages of unexplained exhibits. Accordingly, Magistrate Judge Boland found that the amended complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Ms. Mower was directed to file a second amended complaint that complied with the pleading requirements of Rule 8 by stating her claims clearly and concisely, asserting what rights were violated, and alleging specific facts demonstrating the reason or reasons for suing each Defendant. Ms. Mower was reminded it was her responsibility to present her claims in a manageable format that allowed the Court and Defendants to know what claims were being asserted and to be able to respond to those claims.

Ms. Mower filed a second amended complaint on May 18, 2010. In the second amended complaint, Ms. Mower again fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For instance,

Ms. Mower's first claim for relief asserts the following: "Wachovia Mortgage/Wells Fargo Bank – first and second mortgages Tender of Payment: 1. U.C.C. - Article 3 - Negotiable Instruments, Part 6. 2. Copy of Bond # BA0208SB1009 (2008). 3. Copy of Bond # BA0208SB1010 (2008). 4. Copy of International Promissory Note # RE595007708US (2010). 5. Copy of International Promissory Note # RE595007711US (2010)." Second Amended Complaint at 5. Ms. Mower's second and third claims for relief are likewise unintelligible and devoid of supporting facts and allegations. In addition, interspersed with the claims for relief in the second amended complaint are numerous unexplained exhibits, attachments, and affidavits.

In the April 20 order for a second amended complaint, Magistrate Judge Boland noted that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). He further noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically pointed out that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." He further pointed out

that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. He also explained that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. He noted that in order for Ms. Mower to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Like the petition and amended complaint she previously filed, Ms. Mower's second amended complaint is verbose, vague, and confusing. She again fails to set forth a short and plain statement of her claims showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In the April 20 order for a second amended complaint, Magistrate Judge Boland pointed out that Ms. Mower clearly expected the Court, as well as Defendants, to piece together her claims and their factual support. Noting that this was not a judicial function, Magistrate Judge Boland explained that it was Ms. Mower's responsibility to present her claims in a manageable format that allowed the Court and Defendants to know what claims were being asserted and to be able to respond to those claims. Magistrate Judge Boland emphasized that Ms. Mower must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly had been violated and the specific acts of each Defendant that allegedly violated her rights.

In the second amended complaint, Ms. Mower still expects the Court and Defendants to piece together her claims and their factual support. It is Ms. Mower's responsibility to present her claims in a manageable format, however, that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. There simply is no need for Ms. Mower to state her claims and their factual support is such a verbose and fragmented fashion.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of  June , 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00758-BNB

Sue Mower
2830 Edinburgh Court
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/7/10

                                             GREGORY C. LANGHAM, CLERK

                                             By: _____
                                                                Deputy Clerk